**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ., #004612
BRADLEY H. SCHLEIER, ESQ., #011696
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marsha L. Fay, a married woman, | ) NO. CIV |
| Plaintiff, | ) |
| v. | ) **COMPLANT** |
| AmTrust North America, Inc., a Delaware corporation, | ) **(Jury Trial Demanded)** |
| Defendant. | ) |

Plaintiff, by and through counsel, for her Complaint alleges as follows:

**JURISDICTION AND PARTIES**

1. Jurisdiction is conferred upon this Court and this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*., ("the Act") as amended by the Equal Pay Act, 20 U.S.C. §206(d) ("EPA").

2. Plaintiff Marsha Fay (hereinafter "Plaintiff") is a married woman who resides in Casa Grande, Arizona.

3. Defendant AmTrust North America Inc. is a Delaware corporation doing business in the State of Arizona and is an employer and subject to the EPA.

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and as the unlawful employment practices complained of herein occurred within Pinal County, venue is proper in this Court.

**FACTUAL BACKGROUND**

5. Defendant is a subsidiary of AmTrust Financial Services which provides property and casualty and workers' compensation insurance to small and mid-size businesses. Defendant employs Regional Sales Managers throughout the United States who are responsible for the marketing and sales of workers compensation, BOP, commercial package and other specialty lines coverages to independent agencies within an assigned territory.

6. On September 19, 2005, Plaintiff was employed by Defendant as a Regional Sales Manager for the State of Arizona. The State of Arizona is part of the South Central Region in Defendant's sales organization structure. Plaintiff's compensation includes a salary and bonus; the bonus is based upon new business written by Plaintiff.

7. Plaintiff's job performance has been excellent throughout her employment and she has never been disciplined or warned about her job performance.

8. In 2012, Plaintiff's salary was $60,003.00, she secured $4,567,474.00 in premiums which resulted in her receiving annual bonus compensation of $45,277.00. In 2013, Plaintiff's salary remained at $60,003.00, she secured $5,841,142.00 in premiums which resulted in her receiving annual bonus compensation of $49,211.00. In 2014, after Plaintiff complained to her supervisor about the level of her salary, her salary was raised to

$61,803.00, she secured $7,143,339.00 in premiums which resulted in her receiving annual bonus compensation of $54,868.00.

9. During the past year, Plaintiff has had several discussions with her Regional Sales Director about the level of her salary, which she believed was substantially less than similarly-situated Regional Sales Managers employed by Defendant and that she was therefore underpaid.

10. In 2015, Plaintiff was the longest tenured Regional Sales Manager in the South Central Region and had written the most insurance policies. Through May 2015, the agencies which Plaintiff managed in the State of Arizona represented 29% or $10,300,000.00 of the $36,000,000.00 year-to-date written workers' compensation premium in the South Central Region.

11. In May 2015, Plaintiff's annual salary was $61,803.00. Plaintiff learned that the average annual salary of the Regional Sales Managers in the South Central Region was $91,359.00 (which included Plaintiff's annual salary). Excluding Plaintiff's annual salary from the average annual Regional Sales Managers' salary would result in a higher average annual salary for similarly-situated male Regional Sales Managers in the South Central Region.

12. The difference in the annual salary between Plaintiff and similarly-situated male Regional Sales Managers continues.

/ / /

/ / /

## COUNT ONE

### (Violation of the Equal Pay Act)

13. Plaintiff incorporates the allegations of Paragraphs 1-12 as if fully set forth herein.

14. Defendant has repeatedly and willfully violated, and continues to violate, Section 6(d) of the EPA by discriminating between employees on the basis of sex by paying wages to the Plaintiff at a rate less than the rate at which it pays wages to male employees who work under similar working conditions within the same establishment and who perform substantially equal jobs, and who have job duties requiring substantially equal skill, effort and responsibility as Plaintiff.

15. Defendant's violation of the EPA Act was willful and Plaintiff is therefore entitled to damages in the amount of the difference between the wages actually received by Plaintiff and the wages paid to male employees for equal work within the meaning of the Equal Pay Act, together with an additional equal amount as liquidated damages as authorized by Section 16(b) and Section 6(d)(3) of the Act.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

1. Awarding Plaintiff an amount equal to the difference between the wages actually received and the wages paid to male employees performing equal work;
2. Awarding Plaintiff prejudgment and post-judgment interest;
3. Awarding Plaintiff liquidated damages;
4. Awarding Plaintiff all attorneys' fees and costs incurred in this action; and
5. Awarding Plaintiff such other and further relief as this Court deems just and proper.

-5-

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

DATED this  22nd  day of June, 2015.

                                      SCHLEIER LAW OFFICES, P.C.

                                      By  /s/ Tod F. Schleier
                                      Tod F. Schleier
                                      Attorneys for Plaintiff